FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 2 2 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
**RICARDO GORDON**, :
 :
                Plaintiff, :
 : **MEMORANDUM**
      - against – : **DECISION AND ORDER**
 : 17-cv-970 (AMD) (RLM)
 :
**P.O. JOHN ROSS** and **P.O. MARVIN LUIS**, :
 :
                Defendants. :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff Ricardo Gordon brings this Section 1983 complaint claiming excessive force, malicious prosecution, and false arrest and imprisonment against Police Officers John Ross and Marvin Luis. The defendants moved to dismiss the complaint. (ECF No. 23.) The plaintiff's opposition was due on January 15, 2018. Because the plaintiff is proceeding *pro se*, I gave him two extensions of time to oppose the motion.[1] (*See* Jan. 31, 2018 Order; Mar. 28, 2018 Order.) To date, the plaintiff has not filed an opposition. For the reasons set forth below, the defendants' motion is granted.

## BACKGROUND[*]

The plaintiff claims that police officers from the 83rd or 84th Precincts arrested him while he was walking in Brooklyn in October 2014.[2] (*See* ECF No. 1 at 2, 5.)[3] The officers said

---

[1] In granting the final extension, I warned the plaintiff of the risk that I would "consider the defendants' motion fully briefed, unopposed by the plaintiff, and dismiss the plaintiff's claims" if he failed to respond to the motion. Mar. 28, 2018 Order.

[*] All facts are taken from the complaint. (ECF No. 1.)

[2] The defendants maintain that the records show the date of arrest as August 20, 2014. (ECF No. 23 at 2.)

[3] All referenced page numbers of the complaint correspond to those generated by the Court's Electronic Court Filing system, and not the document's internal pagination.

1

that they were searching for the perpetrator of a reported crime (ECF No. 1 at 5), but did not "take any steps to identify" the plaintiff as the perpetrator, and failed to confirm that he matched the description of the perpetrator (*id.* at 5–6). He further contends that the officers "grabbed [him] and threw [him] on the floor." (*Id.* at 6.) The officers handcuffed the plaintiff "tightly," hurting his wrist, and then "toss[ed] [him] around" in an attempt to get him to talk. (*Id.*)

On October 2, 2014, the plaintiff was charged with Burglary in the Second Degree, Burglary in the Third Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fifth Degree, and Criminal Trespass in the Second Degree. (*Id.* at 7, 11; *see* ECF No. 23-7.) A jury acquitted the plaintiff of all charges. (ECF No. 1 at 7, 11.) He now seeks monetary damages for "pain and suffering," "severe emotional mental anguish," and "loss of earnings" stemming from his arrest and subsequent criminal proceedings. (*Id.* at 3–4.)

## DISCUSSION

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, an action will only survive if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

2

The allegations of a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* complaint must be read liberally and taken to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

At the motion to dismiss stage, "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). When a plaintiff relies on materials not referenced or incorporated in the complaint that are "integral to the complaint," the court may consider them. *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006) (citation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document.") (emphasis in original) (citation omitted). Generally, documents that fall into this category are "contract[s] or other legal document[s] containing obligations upon which the plaintiff's complaint stands or falls . . . ." *Global Network Commc'ns, Inc.*, 458 F.3d at 157.

The defendants ask the Court to consider "the record of the criminal proceedings," including the arrest report, complaint report, indictment, criminal court complaint, and excerpts of the trial transcript as well as a map of the street corner where the plaintiff was arrested. (ECF No. 23 at 6; *see* ECF Nos. 23-5–23-11.) These materials are not properly before the Court because the defendants have not established that the plaintiff *relied* on them when drafting the complaint. *Williams v. City of New York*, No. 14-CV-5123, 2015 WL 4461716, at *2 (S.D.N.Y.

3

July 21, 2015 (Extrinsic materials will not be considered "simply because [their] contents are highly relevant to a plaintiff's allegations, but only when it is clear that the plaintiff relied on the document[s] in preparing his complaint.") (emphasis in original) (citation omitted). Accordingly, I do not consider the record of the plaintiff's criminal proceedings in deciding this motion. *See McLennon v. City of New York*, 171 F. Supp. 3d 69, 89–90 (E.D.N.Y. 2016) (declining to consider documents from a plaintiff's underlying criminal case) (collecting cases).

Because of the plaintiff's *pro se* status, I interpret his complaint to raise the strongest arguments it suggests: three claims under 42 U.S.C. § 1983, including (1) a Fourth Amendment claim for excessive force, (2) a Fourteenth Amendment claim for malicious prosecution, and (3) a Fourth Amendment claim for false arrest and false imprisonment. Each of the claims are discussed in turn.

I. **Excessive Force**

"Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). To determine whether the officers' force was objectively reasonable, a court considers the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015) (citation and emphasis omitted). Additionally, "some type of injury is required to prevail on a § 1983 excessive force claim." *Castro v. County of Nassau*, 739 F. Supp. 2d 153, 177 n.16 (E.D.N.Y. 2010).

4

The plaintiff claims that the officers used excessive force when they "grabbed . . . and threw [the plaintiff] on the floor" and "toss[ed] [him] around." (ECF No. 1 at 6.) While I construe the *pro se* complaint to allege the plaintiff "physical pain and suffering" (*Id.* at 3), this is not sufficient to sustain an excessive force claim. To establish a viable claim, the plaintiff must plead a specific "physical or mental harm beyond a conclusory assertion." *Wims v. New York City Police Dep't*, No. 10-CV-6128, 2011 WL 2946369, at *4 (S.D.N.Y. July 20, 2011) (Excessive force claim dismissed where Wims alleged that he was "thrown flat on [his] face unto the filthy ground" but did not specify any injury.); *see Guerrero v. City of New York*, No. 12-CV-2916, 2013 WL 673872, at *5 (S.D.N.Y. Feb. 25, 2013) (Excessive force claim dismissed where Guerrero alleged that officers "threw him around like a toy" and threw him "into the back of a police vehicle," but "alleged no injury stemming from these acts other than . . . mental and emotional harm.") (internal quotation marks omitted). The plaintiff has not pled a specific injury, and as a result, his claim must be dismissed.

The plaintiff also asserts that the officers used excessive force when they "hand-cuffed [him] tightly, hurting [his] wrist." (ECF No. 1 at 6.) A court evaluating this kind of claim "is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *Christian v. Kelly*, No. 14-CV-7416, 2016 WL 3162056, at *2 (E.D.N.Y. June 3, 2016) (citations omitted). However, "tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Harris v. Nassau Cty.*, No. 13-CV-4728, 2016 WL 3023265, at *10 (E.D.N.Y. May 24, 2016) (citation omitted).

Here, the plaintiff alleges that the officers handcuffed him too tightly, but does not maintain that he told the officers so at the time. (ECF No. 1 at 6.) Nor does he claim any injury

5

from the handcuffing other than that it "hurt[] [his] wrist." (*Id.*) Because the plaintiff alleges only general discomfort, and not a specific injury, this claim does not amount to excessive force. *See Christian*, 2016 WL 3162056, at *3 ("[G]eneralized pain on his left wrist following the arrest and 'swelling'" resulting from handcuffing were not sufficient to support a claim of excessive force.); *Harris*, 2016 WL 3023265, at *11 (Failure to explain "what specific injuries [the plaintiff] suffered as a result" from tight handcuffing warranted dismissal.); *Gonzalez v. City of N.Y.*, No. 98-CV-3084, 2000 WL 516682, at *4 (E.D.N.Y. Mar. 7, 2000) ("[I]f the application of handcuffs was merely uncomfortable or caused pain, that is generally insufficient to constitute excessive force.") (citation omitted). Accordingly, I dismiss the plaintiff's excessive force claim.

## II.  Malicious Prosecution

"[A] claim of malicious prosecution brought under § 1983 is governed by state law." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995) (citation omitted). To state a claim for malicious prosecution in New York, the plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) there was no probable cause for the criminal charge; and (4) the defendant acted maliciously. *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004). Even where the plaintiff establishes the requisite elements, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Indictment by a grand jury creates a presumption of probable cause, but this presumption can be rebutted "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (citation omitted).

In this case, the indictment[4] (*see* ECF No. 1 at 11; ECF No. 23-7) establishes a presumption of probable cause. The plaintiff claims that the defendants acted with "wantonness" and failed to require that a witness "point out [the] plaintiff." (ECF No. 1 at 7.) Even construing these allegations liberally, the plaintiff has not alleged that the defendants procured the indictment through any act of bad faith. *Savino*, 331 F.3d at 73 ("[M]ere conjecture and surmise that [the plaintiff's] indictment was procured as a result of conduct undertaken by the defendants in bad faith" is insufficient to rebut the presumption of probable cause.) (internal quotation marks and citation omitted). Because the defendants have established a presumption of probable cause, the plaintiff's malicious prosecution claim is dismissed.

### III.   False Arrest and False Imprisonment

"To prove the elements of false arrest under New York law, plaintiff must show: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."[5] *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) (citation omitted). In New York, "the tort of false arrest is synonymous with that of false imprisonment." *Leibovitz v. City of New York*, No. 14-CV-7106, 2018 WL 1157872, at *11 (E.D.N.Y. Mar. 2, 2018) (quoting *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)).

---

[4] Courts may take judicial notice of public records to "determine what the documents stated, and not to prove the truth of their contents." *Roth*, 489 F.3d at 509 (internal quotation marks and citation omitted). I take judicial notice of the public indictment and criminal complaint (ECF Nos. 23-7, 23-9), *see Williams*, 2015 WL 4461716, at *2, but decline to take notice of the arrest report and complaint report (ECF Nos. 23-5, 23-6) because they are sealed records *Weaver v. City of New York*, No. 13-CV-20, 2014 WL 950041, at *3 (E.D.N.Y. Mar. 11, 2014) (declining to take judicial notice of the plaintiff's arrest record where "the first page of the report states that it contains sealed information").

[5] For § 1983 claims alleging the constitutional torts of false arrest and false imprisonment, district courts "look[] to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) (citation omitted).

The existence of probable cause to arrest is a complete defense to an action for false arrest under either state law or § 1983. *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). The plaintiff bears the burden of showing that no probable cause existed. *El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *5 (S.D.N.Y. Apr. 23, 2015) (citing *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002)); *see Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018) (affirming district court dismissal where the plaintiff "fail[ed] plausibly to allege the lack of probable cause necessary to maintain" a false arrest claim).

According to the plaintiff, the defendants told him that they were searching for a criminal, made no attempt to identify him as the perpetrator, and arrested him without a warrant, which shows that the defendants did not act in good faith and had "no probable cause" for the warrantless arrest. (ECF No. 1 at 5–7.) While a *pro se* complaint must be taken to raise the strongest arguments it suggests, conclusory pleadings without factual underpinnings are not sufficient to show that the defendants acted without probable cause. *Ash v. City of New York*, No. 16-CV-9548, 2018 WL 3462514, at *3 (S.D.N.Y. July 18, 2018) (False arrest claim dismissed where Ash "ma[de] allegations that are entirely conclusory without setting forth any facts indicating that the arresting officers lacked probable cause.") (internal quotation marks and citation omitted). The allegation that the defendants "failed to take any steps to identify" the plaintiff at the time of his arrest (ECF No. 1 at 5) is insufficient to establish that the officers did not have probable cause. *See Soto v. City of New York*, No. 04-CV-4559, 2005 WL 66893, at *3

(S.D.N.Y. Jan. 11, 2005) (Allegations that the arresting officers "conspired to intimidate and also conspired to a crime and also falsifying documents and the Forging [sic] of a signature" failed to establish lack of probable cause); *cf Foster v. Diop*, No. 11-CV-4731, 2013 WL 1339408, at *12 (E.D.N.Y. Mar. 31, 2013) (Allegations that the arresting officer "admitted [to Foster] that she knew the accusations against [him] were false" showed lack of probable cause.); *Hyde v. Arresting Officer Caputo*, No. 98-CV-6722, 2001 WL 521699, at *2 (E.D.N.Y. May 11, 2001) (Allegations that the police informant "was in a drug-induced state and so otherwise unreliable at the time he made [his] accusation" were sufficient to plead lack of probable cause.) The plaintiff's false arrest and false imprisonment claim must be dismissed.

## CONCLUSION

The complaint is dismissed without prejudice.

**SO ORDERED.**

                                                                s/Ann M. Donnelly
                                                                _____
                                                                Ann M. Donnelly
                                                                United States District Judge

Dated: Brooklyn, New York
       August 22, 2018